

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00181-CR

Brian J. **MOORE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2166
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  February 13, 2013

AFFIRMED

Following a non-jury trial, appellant, Brian Moore, was convicted of two counts of indecency with a child and one count of sexual assault and sentenced to three years' confinement. Appellant filed a motion for new trial, alleging legally insufficient evidence and ineffective assistance of counsel. After a hearing, the trial court denied appellant's motion. On appeal, appellant contends (1) the evidence was legally insufficient to support his conviction, (2) he received ineffective assistance of trial counsel, and (3) the trial court abused its discretion in denying his motion for new trial. We affirm.

**SUFFICIENCY OF THE EVIDENCE**

Appellant has been the stepfather of the complainant since she was two years of age. Complainant's biological father was in prison so he was not present in her life, and she referred to appellant as "dad." Appellant and complainant's mother have two other children together. According to complainant, appellant came into her room on two separate occasions and touched her inappropriately when she was approximately thirteen or fourteen years of age. At the time of trial, complainant was eighteen years old.

According to complainant, the first incident she described happened while her brother and sister were outside playing. Appellant came into her room and, after yelling at her, put his hands on her shoulders, pushed her up against the wall and then "put his hands all over [her] body." The complainant testified, "[h]e moved his hands from my shoulders down to my chest and down to my legs and then down to the private area . . . ." Appellant stopped and left her room when he heard the sliding door open, signaling her siblings were coming back inside.

The second incident also occurred in complainant's room. She stated she was sitting on her bed, alone in her room, when appellant came into her room and pulled on her leg, causing her to lean back on the bed, and then put his hand over her mouth and told her not to say anything. Complainant testified that during this incident appellant pulled up her shirt and starting kissing and touching her chest. Appellant then pulled her shorts and her underwear down and started "touching [her] inner thigh and then he started putting his hand inside of [her]" and "it hurt a lot."

Complainant did not tell her mother, her friends, or any other person in her family about these incidents. She stated she did not tell because she felt scared and felt like she could not tell because her stepfather was the person making the money in their house. Complainant ran away from home for four or five days because she "felt like [she] was alone in the house because of

what [appellant] did." Sometime after the incident, complainant also tried to hurt herself by cutting her arm with a piece of broken glass after having an argument with her mother because she felt helpless as her mother "was the only one [she] had left in the house" and when they would argue she felt like she was alone. Complainant's mother took her to a hospital after her mother found the injuries on her arm.

At the hospital, complainant told staff she did not want to go back home, but she did not tell them why. Because she told hospital staff she did not want to go back home, complainant was sent to Laurel Ridge Treatment Center. She remained there for four to five days and told no one of the sexual abuse while she stayed there. Shortly after she returned home, appellant got a job in Houston and began travelling back and forth between his home and Houston. Eventually, appellant was in Houston more than he was at home. Complainant testified that this made her feel better and "a little bit free."

After some time, complainant's mother found out appellant was having an affair with another woman in Houston. The mother told complainant she was considering not letting appellant move back into the family home. Complainant testified that about a month later, her mother sat her down and told her that she was thinking of forgiving appellant and letting him move back in to work on their marriage. At that point, complainant broke down and told her mother about the sexual abuse. Appellant never moved back into the family home.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). "A complainant's testimony alone is sufficient to support a conviction for indecency with a child." *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.). The specific intent required for the offense of indecency with

a child may be inferred from a defendant's conduct. *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet ref'd) (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981)).

Appellant was convicted of two counts of indecency with a child and one count of sexual assault. A person commits indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact or with intent to arouse or gratify the sexual desire of any person, exposes any part of the person's genitals knowing the child is present. TEX. PENAL CODE ANN. § 21.11 (West 2010). A person commits sexual assault if the person knowingly or intentionally causes the penetration of the sexual organ of a child by any means. *Id.* § 22.01.

As to the first incident, complainant testified appellant "moved his hands from my shoulders down to my chest and down to my legs and then down to the private area . . . ." She further testified his hands went "[d]own my sides, then down to my thighs, then to my inner thighs, and then to my private part and he backed up when we heard the sliding — the door." This is sufficient evidence of appellant engaging in one count of indecency with a child by engaging in sexual contact by touching the chest and "private area" of complainant.

As to the second incident, complainant testified appellant "pulled up [her] shirt" and started kissing and touching her chest. She also testified appellant "pulled down [her] shorts to [her] knees and then he pulled down [her] underwear and he started touching [her] inner thigh and then he started putting his hand inside of [her]." This testimony is sufficient evidence of one count of indecency with a child by engaging in sexual contact with complainant; it is also sufficient evidence of one count of sexual assault by knowingly or intentionally causing the penetration of the sexual organ of complainant by "putting his hand inside of [her]."

Although this case boiled down to a "he said she said" between appellant and the complainant, the factfinder is the sole judge of credibility. After reviewing the record in the light most favorable to the verdict, we determine there was sufficient evidence to find the essential elements of the two counts of indecency with a child and one count of sexual assault.

## INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, appellant contends he received ineffective assistance of counsel because trial counsel (1) erroneously advised appellant to waive a jury trial, affecting his chances for community supervision, (2) did not fully develop appellant's defense by failing to subpoena school and medical records of the complainant or request the court to appoint a psychological expert to evaluate complainant, and (3) failed to request that the trial court consider any lesser included offenses for which appellant could be eligible for community supervision.

When reviewing a claim of ineffective assistance of counsel, we apply the legal standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a defendant must first show his trial counsel's performance was deficient. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant must prove, by a preponderance of the evidence, that his trial counsel's representation "fell below the objective standard of professional norms." *Id*. This prong of the *Strickland* test requires a showing that counsel made errors so serious that counsel was not functioning as "counsel" as guaranteed by the Constitution. *Strickland*, 466 U.S. at 687. Review of trial counsel's representation "is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. "Under *Strickland*, the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission." *Id*. at 836. The proper standard for attorney performance is that of reasonably effective assistance. *Strickland*, 466 U.S. at 687.

Second, appellant must show the deficient performance of trial counsel prejudiced his defense. *Bone*, 77 S.W.3d at 833. This means appellant must show that counsel's errors were so serious as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. To show prejudice, appellant "must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Failure to prove either deficient performance or prejudice destroys any claim of ineffective assistance of counsel. *Id.* at 700.

## 1. Waiver of Jury Trial

First, appellant contends his trial counsel's advice to seek a non-jury trial amounted to ineffective assistance of counsel because only a jury, and not the trial court, would be able to sentence him to community supervision upon conviction of the charged offenses. Before the bench trial began, the record demonstrates the following:

> The Court: Okay. Let's see. There are only certain offenses, Mr. Moore, for which the Court, if you are found guilty, can grant probation or community supervision.
> [Appellant]: Yes, ma'am.
> The Court: And your — your attorney has explained that to you?
> [Appellant]: Yes, ma'am.
> The Court: Okay. And you still wish to go forward without the jury. Is that correct?
> [Appellant]: Yes, ma'am.

Appellant's trial counsel filed an application for deferred community supervision on behalf of appellant. Trial counsel stated he did this in the event appellant was convicted of a

lesser included offense, but he knew if appellant was convicted as charged he could not get probation from the court. At the hearing on appellant's motion for new trial, appellant's trial counsel stated the following regarding his trial strategy in advising appellant to waive a jury trial:

> You know, when you're talking about a sex offense, the presumption of innocence doesn't even get in the door, much less is it ever given any — it's not given much weight. And I felt that if we could waive the jury, we didn't have any expert reports, we didn't have any medical reports, we did have some behavioral problems and we did have circumstances that to me made it look like the child had a reason and a motive to pour Mr. Moore out. I thought that the best way to accomplish and to persuade the Court that the child's allegations were made up would be to waive the jury and present the evidence to the — to the Court and that's what we did. And I talked to Mr. Moore about that and I explained those things to Mr. Moore. . . . Mr. Moore and I talked about that if he was found guilty as indicted that the Court could not give him probation. If he had been convicted of a lesser included offense or some other less egregious offense, he — he would have been eligible for probation. And I thought — my strategy was, there's no way that this Court is going to believe that girl. And Mr. Moore is a credible person. . . . I thought waiving a jury was the best thing we could do . . .

It is clear trial counsel had a reasonable trial strategy for advising appellant to go forward with a non-jury trial. The record also demonstrates appellant was informed both by the court and by trial counsel of the consequences of waiving a jury trial in his case and its effect on his ability to receive community supervision if convicted as charged. Trial counsel's decision to advise appellant to waive a jury trial was a reasonable trial strategy, and nothing in the record reflects appellant was not adequately informed of the consequences of waiving a jury trial. Accordingly, appellant has not shown trial counsel's performance was deficient.

## 2. Failure to Investigate and Subpoena School and Medical Records

Appellant next contends he received ineffective assistance of counsel because trial counsel failed to subpoena school records and medical records and did not have complainant evaluated by a psychologist. Appellant argues this would have more fully developed complainant's behavioral problems and showed they existed prior to the first incident of sexual abuse. Appellant states an expert was needed "to aid the factfinder in analyzing the

psychological reasons behind the complainant's behavioral problems and the pattern of cutting herself, which had started prior to her allegations of sexual assault." Additionally, because the complainant's biological father had been in prison for most of her life, appellant states an expert was needed to offer testimony as to how having a parent in prison can affect a young person, resulting in behavioral problems.

"If counsel does not conduct a substantial investigation into each of several plausible lines of defense, assistance may nonetheless be effective." *Strickland*, 466 U.S. at 681. A decision not to investigate "must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id*. at 691. We are to strongly presume that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690. At the new trial hearing, trial counsel was questioned about his strategy regarding the complainant's behavioral and psychological problems:

> Q. And so if you believe the child was behaviorally troubled and was manipulative and you believe the charges are false and you're appointed, why wouldn't you ask the Court to appoint a psychological expert to review --
> A. It was self-evident. I mean, the child had problems.
> . . .
> Q. You had compulsory process to subpoena the medical records and the school records and any other records that might have existed but you chose not to do so. Is that correct?
> A. That's correct.
> Q. What was your strategy for choosing not to subpoena those very records that you say supported the claim that she was manipulative?
> A. She -- because we -- she was -- the child was coming to testify, we got some of that evidence in. Some of it was considered irrelevant. If you start dragging up school records and -- and all of these other things, there -- there – there's a relevance threshold that's pretty tough to get over in cases like this where -- particularly in the guilt/innocence phase of a trial. You get more success doing it in the punishment phase. But I could have -- I could have and I had the right to hire whoever I wanted to and I'm – I'm not confident I could have gotten them all hired for [sic] if I had asked for all of them, but certainly some of them could have been appointed to assist or at least to look if I had asked for them. I didn't see any need to do so.

Even if we assume trial counsel's representation was deficient, appellant has failed to show a reasonable probability that had counsel conducted these investigations, the outcome of his trial would have been different. *See Mitchell*, 68 S.W.3d at 642 ("[A]ppellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."). "Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant has not provided any of these records to show how they would have affected the outcome of appellant's trial. Further, the complainant's psychological and behavioral issues were discussed at trial. Appellant testified that complainant's behavioral problems started when she was about approximately twelve; complainant testified the sexual abuse occurred when she was thirteen or fourteen. Appellant testified when complainant would get upset she would "[s]lam doors, kick holes in the wall, punch holes in the wall, hide in her closet, kicking and screaming." Appellant also testified complainant had run away from home prior to the time she testified she had run away in response to the abuse and that she had also cut herself approximately three to four times before the incident for which she was sent to Laurel Ridge. Because her behavioral problems occurring before and after the sexual abuse were discussed at trial, and because appellant has not provided any of these records to show how they would have affected the outcome of the trial, we conclude appellant has not shown a reasonable probability that had trial counsel conducted these investigations, the outcome of appellant's trial would have been different.

### 3. Failure to Request Lesser Included Offense

Appellant also contends trial counsel's assistance was ineffective because he failed to request that the trial court consider any lesser included offenses for which appellant may have

been eligible for community supervision. On appeal, appellant argues trial counsel could have requested the lesser included offense of indecency by exposure.

A person commits the offense of indecency by exposure if he exposes any part of his genitals with intent to arouse or gratify the sexual desire of any person. *See* TEX. PENAL CODE ANN. § 21.08. An instruction on a lesser included offense is available when the lesser included offense is included within the proof necessary to establish the offense the defendant is charged with, and some evidence exists that if the defendant is guilty, he is only guilty of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (en banc). Here, no evidence in the record supports a request for indecency by exposure as a possible offense as there was no evidence presented that appellant ever exposed himself to complainant. Accordingly, it cannot be said trial counsel's performance was deficient for failing to request that the trial court consider the lesser included offense of indecent exposure.

Because appellant has not met the requirements set out in *Strickland* on any of his claims of ineffective assistance, we conclude appellant received effective assistance of counsel.

### CONCLUSION

We conclude there was sufficient evidence on which to convict appellant of one count of sexual assault and two counts of indecency with a child. We also conclude appellant received effective assistance of counsel. Therefore, we overrule appellant's first and second issues on appeal, and we affirm the judgment of the trial court.[1]

Sandee Bryan Marion, Justice

PUBLISH

---

[1] Appellant's motion for new trial asserted claims of ineffective assistance of counsel and insufficient evidence. Because we have conducted our own review of the same issues and have concluded appellant received effective assistance of counsel and there was sufficient evidence to find appellant guilty of the offenses he was convicted of, we also conclude the trial court did not err in denying appellant's motion for new trial. Therefore, we also overrule his third issue on appeal.