

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00150-CR

Arturo D. **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR7463
Honorable Raymond Angelini, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: January 22, 2014

AFFIRMED

A jury found appellant Arturo D. Flores guilty of three counts of indecency with a child by contact. The counts involved two different complainants, K.G. and K.R. The trial court sentenced Flores to twenty years imprisonment on each count. On appeal, Flores contends the evidence was legally insufficient to support his conviction and the trial court erred by admitting evidence of certain prior bad acts during the punishment phase of trial. We affirm the trial court's judgment.

**BACKGROUND**

Flores was a teacher at a private school in San Antonio. Two students, K.G. and K.R., alleged Flores touched them inappropriately during a computer lab class. K.G. was a second grader and was in a computer class taught by Flores. The computer classroom was laid out with long tables along the walls with computers on top of the table. Students facing the computers also faced the wall with their backs to the center of the room. When a student needed assistance, Flores would go to the student at his or her individual computer. According to K.G., when she asked Flores for help she remained seated in her chair and Flores reached over her shoulders to touch the keyboard. On two occasions, K.G. claimed that after helping her with the computer, Flores put his hands under the computer table and touched her genital area over her clothes ("[m]y private parts, where if you need to go to the restroom"). K.G. testified she did not tell anyone after the first incident because she was afraid she would get in trouble. After the second incident, K.G. told her mother that same evening what had happened. K.G.'s mother and father subsequently reported the events to the proper authorities.

K.R. was a third grader at the school and like K.G., K.R. took a computer class taught by Flores. K.R. testified about one incident where Flores inappropriately touched her. According to K.R., on one occasion in computer class, Flores came over to assist her and asked K.R. to stand up. Flores then sat in K.R.'s chair and told her to sit back down. K.R. sat on Flores's leg. Flores asked K.R. to open her legs. Flores then put his hand down K.R.'s skirt, under her underwear, and touched her genitals "inappropriately." K.R. did not immediately report this incident. Instead, K.R. waited approximately one year before she told her grandmother about the touching. K.R. testified she waited because: (1) "I forgot all about it and then I had gotten scared"; and (2) "I forgot all about it when I was with my friends and stuff." When asked about what made her remember the incident almost a year later and report it to her grandmother, K.R. testified: "Like,

everything that was going on and stuff. Like, when I told my grandma, I told her because I heard, like, voices in my head saying to tell her and stuff . . . [a]nd I had, like, pounding in my head."

Flores denied inappropriately touching K.G., K.R., or any other child. According to Flores, it was not his procedure to lean over students to help with computer issues. Rather, he would either have the students stand up while he sat in their chair or he would pull up a chair next to the student. Further, Flores denied even assisting K.G. with her computer on the days of the alleged inappropriate touching.

Despite Flores's denials, the jury found him guilty. The trial court then attempted to proceed with the punishment phase of the proceedings that same afternoon. However, prior to the initiation of the punishment phase, the State revealed that two of the three child witnesses it intended to use as witnesses during the punishment phase were discovered the night before. Flores did not receive actual notice of the new witnesses, C.M. and A.N., until the morning of the verdict, and he objected to any testimony by the previously unknown witnesses based on lack of notice. The State advised the court that it gave as much notice as possible considering it did not know of the witnesses until close to 5:00 p.m. the previous day. After considering Flores's objection and the State's response, the trial court postponed the proceedings until the following morning.

The next morning, the trial court heard Flores's formal objection under article 37.07(3)(g) of the Texas Code of Criminal Procedure, which requires the State to provide sufficient notice of witnesses used to present evidence of extraneous bad acts after a finding of guilt. The trial court determined the State's notice did not meet the requirements of article 37.07 and postponed further proceedings until the following Monday.

On Monday, the trial court heard Flores's renewed objection under 37.07. Although Flores conceded he had by now received proper written notice complying with 37.07(g), he contended the notice was so late as to amount to an unfair surprise because he did not have sufficient time to

prepare a defense of the new witnesses' testimony. After noting Flores had since the previous Thursday to prepare a defense, the trial court held there was adequate notice in this situation and denied Flores's objection. C.M. and A.N., the "surprise"[1] witnesses, testified during the punishment.

C.M., a sixth grader at the time of the incidents, testified: (1) Flores would "smack girl's butts and go up their leg" (meaning "[h]e would go up their skirts"); (2) Flores did this to C.M.; (3) Flores put his hand in A.N.'s shirt so he could "feel her heartbeat"; and (4) Flores would lean over the seated children's back when assisting them at their computer in class. Counsel for Flores did not cross examine C.M.

A.N., also a sixth grader at the time of the incidents, testified to accounts similar to those described by C.M. A.N. verified Flores had touched her chest, under the shirt, to "feel your heartbeat." Thereafter, Flores called his wife and son as witnesses to support his request for probation.

After hearing all of the witnesses' testimony, the jury recommended a sentence of twenty years on each count, and the trial court sentenced Flores according to the jury's recommendation. The trial court ordered the sentences to run concurrently. Thereafter, Flores perfected this appeal.

## ANALYSIS

In three points of error, Flores contends: (1) the evidence is legally insufficient to support his convictions with regard to K.G.; (2) the evidence is legally insufficient to support his conviction with regard to K.R.; and (3) the trial court erred in admitting the testimony of C.M. and A.N. during the punishment phase over his article 37.07, section 3(g) objection.

---

[1] At trial, counsel for the State conceded "[these] [are] surprise witness[es] for all of us."

*Legal Sufficiency*

When determining the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *see Jackson v. Virginia*, 443 U.S. 307, 318 (1979). If the record supports conflicting inferences, we must presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Wise*, 364 S.W.3d at 903. The factfinder alone determines the weight and credibility of the evidence. *Id.* We may not re-evaluate the weight and credibility of the record and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Flores was convicted of three counts of indecency with a child by contact. A person commits indecency with a child by contact if the person engages in "sexual contact" with a child younger than seventeen years of age. TEX. PENAL CODE. ANN. § 21.11(a)(1) (West 2011). "Sexual contact" includes the touching through clothing, of the anus, breast, or any part of the genitals of a child with the *intent* to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c) (emphasis added). "A complainant's testimony alone is sufficient to support a conviction for indecency with a child." *Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no pet.) (quoting *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.)).

*Sufficiency of Evidence – K.G.*

Flores specifically contends the evidence is legally insufficient to support a finding of the requisite intent for "sexual contact" under the Penal Code. The specific intent to arouse or gratify the sexual desire of any person, as required for the offense of indecency with a child, can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Moore*, 397 S.W.3d at 754.

Flores contends the evidence merely shows incidental contact with K.G. According to Flores, the contact "was incidental to the assistance provided to the children, and was a factor of the close quarters and small equipment used in the computer lab designed to accommodate children." Although possible, viewing the evidence in a light most favorable to the verdict, we disagree with Flores, based on the evidence, that the contact was merely incidental. K.G. testified Flores slipped his hand under the table to touch her genitals on two occasions and such touching of sexual organs supports an inference of intent to gratify Flores sexually. Accordingly, we hold the evidence is legally sufficient to establish Flores intended to make sexual contact with K.G. as required for the offense of indecency with a child by contact. *See Moore*, 397 S.W.3d at 754 (finding evidence sufficient where complainant testified to defendant touching her "private area").

*Sufficiency of Evidence – K.R.*

Flores contends the evidence supporting the conviction for indecent contact with K.R. is legally insufficient because her testimony was inconsistent and unreliable. Flores directs us to K.R.'s testimony that Flores continued to be a good teacher even after the incident, waited a year to tell anyone what happened to her, and eventually told her grandmother what happened because of the voices in her head. As mentioned above, the factfinder *alone* determines the weight and credibility of the evidence. *Wise*, 364 S.W.3d at 903 (emphasis added). Even if the veracity of the witness's testimony appears suspect on the face of the record, we may not substitute our judgment for that of the factfinder. *Williams*, 235 S.W.3d at 750. We refuse to do so now. Accordingly, we hold the evidence supporting Flores's conviction for indecent contact with K.R. is legally sufficient.

### *Extraneous Evidence - Punishment Phase*

Flores contends the trial court erred by allowing C.M. and A.N. to testify to extraneous bad acts during the punishment phase of trial. We review a trial court's decision to admit extraneous

bad act evidence during the punishment phase of a trial under 37.07 section 3(g) for an abuse of discretion. *Scott v. State*, 57 S.W.3d 476, 480–81 (Tex. App.—Waco 2001, pet. ref'd) (citing *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)). We will uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

On timely request of the defendant, article 37.07, section 3(g) of the Code of Criminal Procedure requires the State give reasonable notice to the defense if it intends to introduce evidence of extraneous bad acts. *See* TEX. CODE CRIM. PROC. ANN ART. 37.07 § 3(g) (West Supp. 2013). This notice is given in the same manner required by Texas Rules of Evidence 404(b). *Id.* Normally, in order to trigger the State's obligation under article 37.07, a defendant must either: (1) serve the State with a request for notice, or (2) file a discovery motion requesting the court to order such notice and secure a ruling thereon. *Henderson v. State*, 29 S.W.3d 616, 625 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998)). Here, the record reflects Flores did neither.

The record reflects that at no point did Flores formally request notice pursuant to article 37.07 section 3(g) prior to the commencement of the punishment phase. The only mention in the record of such a request comes in Flores's motion in limine.[2] A motion in limine seeks action by the trial court and cannot also serve as a request for notice triggering the State's duty under article 37.07 section 3(g); to hold otherwise would encourage gamesmanship. *See Mitchell v. State*, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998). Accordingly, the State was not required to give notice of the punishment phase testimony of C.M. and A.N. pursuant to article 37.07.

---

[2] "ARTURO FLORES also moves to exclude all extraneous crime or misconduct evidence, *notice of which was requested by Defendant*, but not provided by the state [sic] as required by Rules 404(b) and 609(f) of the Texas Rules of Evidence, and Art. 37.07(g) of the Texas Code of Criminal Procedure." (emphasis added). Despite his statement in the motion in limine, the record does not include a request for notice.

However, despite not properly invoking the State's duty to comply with 37.07 section 3(g), Flores benefitted from its protection. As mentioned previously, the trial court ordered the State to comply with the notice requirements of article 37.07 after Flores objected to the testimony of C.M. and A.N. In addition, the trial court delayed the punishment phase of the proceedings to give Flores time to prepare a defense to the testimony.

The ultimate purpose of article 37.07 section 3(g) is to avoid unfair surprise and give the defendant adequate time to prepare for the extraneous offense evidence of the State in order to avoid a trial by ambush. *James v. State*, 47 S.W.3d 710, 713 (Tex. App.—Texarkana, no pet.). Here, the trial court's actions gave Flores several days to prepare for the testimony of C.M. and A.N. even though he was legally entitled to none. We decline to find the trial court abused its discretion.

## CONCLUSION

Based on the foregoing, we overrule Flores's points of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish