

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00486-CR

Larry Randall **STEELE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 278th Judicial District Court, Madison County, Texas
Trial Court No. 12-11739-278-06
Honorable Jerry A. Sandel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  June 4, 2014

AFFIRMED

A jury found appellant Larry Randall Steele guilty of a single count of indecency with a child, T.W. The trial court sentenced Steele to twelve years' confinement in the Texas Department of Criminal Justice – Institutional Division. On appeal, Steele contends: (1) the evidence is legally insufficient to support his conviction, and (2) the trial court erred by failing to instruct the jury to disregard improper closing argument by the State during the punishment phase of trial. We affirm the trial court's judgment.

## BACKGROUND

Steele, a friend of T.W.'s family, moved into their home because he had "nowhere to go." About a week after he moved in, Steele allegedly touched T.W.'s private parts. At the time of the incident, T.W.'s mother was out shopping and T.W.'s siblings were in another room. T.W. was nine-years-old at the time of the touching.

At trial, T.W. testified the encounter began by Steele rubbing her leg and telling her "[h]e wanted to take me home and spoil me." Then, according to T.W., Steele "touched my private" three times using "[h]is two fingers." T.W. testified the contact was on top of her clothes, was "[h]ard," and hurt "a little." Steele then told T.W. not to tell anybody, and she left the room to find her siblings and a friend who was visiting the home.

T.W. initially told her friend about the touching shortly after the incident, and then told her mother about the touching when she returned home from shopping. T.W.'s mother inspected her vaginal area, noticed redness, and then contacted the authorities.

As noted above, the jury found Steele guilty of indecency with T.W. and recommended a sentence of twelve years. The trial court sentenced Steele according to the jury's recommendation. Thereafter, Steele perfected this appeal.

## ANALYSIS

Steele presents two issues to this court, contending: (1) the evidence is legally insufficient to support his conviction for indecency with T.W.; and (2) the trial court erred by failing to grant Steele's request for an instruction to disregard improper jury argument made by the State during the punishment phase of the proceedings.

### *Legal Sufficiency*

When we review the sufficiency of the evidence in a criminal case, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *see Jackson v. Virginia*, 443 U.S. 307, 318 (1979). In the event the record supports conflicting inferences, we must presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Wise*, 364 S.W.3d at 903. The factfinder alone determines the weight and credibility of the evidence. *Id.* This court may not re-evaluate the weight and credibility of the witnesses or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Steele was convicted of indecency with a child by contact, which occurs if a person engages in "sexual contact" with a child younger than seventeen years of age. *See* TEX. PENAL CODE. ANN. § 21.11(a)(1) (West 2011). The Penal Code's definition of "sexual contact" includes the touching through clothing, of the anus, breast, or any part of the genitals of a child with the *intent* to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c) (emphasis added). The specific intent to arouse or gratify the sexual desire of any person, as required by section 21.11(c), can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.— San Antonio 2013, no pet.). Further, a "complainant's testimony alone is sufficient to support a conviction for indecency with a child." *Moore*, 397 S.W.3d at 754 (quoting *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.)).

Here, Steele contends there was insufficient evidence he engaged in indecent conduct with T.W. We disagree.

As noted above, T.W. testified Steele: rubbed her leg, told her he wanted to spoil her and take her home, touched her privates three times over her clothes, and told her not to tell anyone about the touching. Although Steele attempts to discredit this evidence, arguing "[t]he only direct evidence that the jury had for its consideration regarding ANY of the elements of [indecency with

a child] . . . comes from the testimony of T.W.[,]" such testimony itself is sufficient to support a conviction. *See Moore*, 397 S.W.3d at 754. Viewing T.W.'s testimony in the light most favorable to the verdict, we hold the evidence is legally sufficient to find Steele made sexual contact with a child younger than 17 years of age such that he committed the crime of indecency with a child by contact. *See* TEX. PENAL CODE. ANN. § 21.11(a)(1). Accordingly, we overrule Steele's first issue on appeal.

### *Jury Argument*

In his second issue on appeal, Steele contends he was harmed by improper jury argument during the punishment phase of trial. After introducing evidence of Steele's multiple prior convictions, the State made the following allegedly improper argument:

> And one of the most important things that you should consider, and on State's Exhibit No. 9, the time that [Steele] did go to the penitentiary for five years was what type of offense he was sentenced for, retaliation. What does that word mean? It means either you're getting back at somebody or you're threatening to get back at somebody.

Steele objected to this argument, and the trial court sustained his objection. The State then continued its argument, stating "with that type of activity in his past I think we have a duty to make sure that this victim is never retaliated—," which prompted another objection by Steele. Although the trial court once again sustained Steele's objection, it overruled Steele's request for a jury instruction to disregard the previous jury argument. Steel contends the trial court erred in failing to instruct the jury to disregard.

Proper jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). In the event an improper argument is made to the jury, we determine the harm caused by balancing the following factors: (1) the severity of misconduct, (2) the curative measures taken,

and (3) the certainty of conviction absent the misconduct. *Mosley v. State,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Because the argument occurred during the punishment stage of trial, the third factor is modified so that the reviewing court considers the certainty of punishment absent misconduct. *See Martinez v. State*, 17 S.W.3d 677, 693 (Tex. Crim. App. 2000); *Torres v. State*, 92 S.W.3d 911, 924 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

Having reviewed the record of the punishment proceedings, we hold that even if the State's argument regarding Steele's prior conviction for retaliation was improper and the trial court erred by refusing to instruct the jury to disregard, it was harmless error. *See Mosley*, 983 S.W.2d at 259. Evidence of Steele's prior conviction for retaliation, introduced as Exhibit No. 9 and mentioned in the State's argument, was offered before the court and jury without objection. During closing argument, counsel for Steele referred to his conviction for retaliation as well as his other prior convictions for: theft by check, obstructing a highway, hindering a secured creditor, and possession of a controlled substance. Therefore, by virtue of Exhibit No. 9 and Steele's own argument, the jury was advised of Steele's criminal history before the State even referred to his conviction for retaliation or attempted to suggest the jury has "a duty to make sure that this victim is never retaliated [against]." Given the foregoing and the fact that the jury recommended twelve years confinement for an offense that had an enhanced range of five to ninety-nine years, we cannot say the State's argument and the trial court's failure to instruct the jury affected his punishment and harmed Steele. *See Mosley*, 983 S.W.2d at 259. Accordingly, we overrule Steele's second issue.

## CONCLUSION

Based on the foregoing, we overrule Steele's issues. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish