

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00256-CR

_____

MATTHEW RYAN JERRY VANOVER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 28,845

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Matthew Ryan Jerry Vanover was convicted of indecency with a child by sexual contact[1] and was sentenced to seven years' imprisonment. Because (1) error in the court's charge did not result in egregious harm, and (2) the evidence is legally sufficient to support the conviction, we affirm the judgment of the trial court.

## I.    Background

On a December evening in 2008, twelve-year-old Chloe Cherry[2] and Vanover, her seventeen-year-old cousin, were watching television together at Chloe's home.[3] The two were alone in the room as Chloe's mother, Rita, had gone to bed for the evening. As they were watching television, Vanover began rubbing Chloe's thigh, breasts, and buttocks. This conduct continued in the face of Chloe's protests. At one point during the evening, Chloe texted her older sister in Kentucky to tell her that Vanover was hurting her. Chloe's sister then sent Rita a text message, indicating that Vanover was bothering Chloe. At that point, Rita checked on Chloe and Vanover, but was told by both that nothing was wrong.[4] Chloe took the opportunity to retreat to her room when her mother came out to check on her.

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

[2]This is a pseudonym used to protect the identity of the child victim.

[3]Chloe was seventeen at the time of trial.

[4]Chloe testified to additional conduct by Vanover, which could have resulted in a conviction for aggravated sexual assault. Because the jury found Vanover not guilty of this charge, our recitation of the facts and our analysis here is based solely on the events supporting the charge of indecency with a child by sexual contact, of which Vanover was convicted.

In September 2010, Chloe showed Rita some text messages she had recently received from Vanover. In one of the messages, Vanover stated that he was sorry "for all the things I've ever done to you." When Rita asked Chloe what that meant, Chloe began to cry. Chloe then told Rita that Vanover had touched her on her breasts and put his hand in her pants. The following day, Rita and Chloe went to the Hunt County Sheriff's Office to report Vanover's conduct.

## II.     Error in Court's Charge Did Not Result in Egregious Harm

Vanover claims egregious harm from the trial court's failure to properly define the mental state required for commission of the offense of indecency with a child by sexual contact. While we agree that the court's charge was erroneous, we cannot conclude that Vanover was egregiously harmed as a result.

### A.     Standard of Review

In analyzing a jury charge complaint, we review the charge under the *Almanza* standard. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Our first duty is to determine whether error exists in the charge. On a finding of error, we must determine whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required to reverse the trial court's judgment depends on whether the appellant properly objected to the error. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). When a proper objection is made at trial, we need only find "some harm" to reverse the trial court's judgment. *Ngo*, 175 S.W.3d at 743–44 (citing *Almanza*, 686 S.W.2d at 171). In the case of unpreserved error, reversal is required only when the record shows "egregious harm" to the defendant. *Id*. (citing *Almanza*, 686 S.W.2d at 171).

"Egregious harm" results from "errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive." *Boones v. State*, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.) (citing *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)).

**B.      Analysis**

Here, there was no objection at trial to the charge. One method of committing indecency with a child by sexual contact occurs if a person, with a child younger than seventeen years and not the person's spouse, "engages in sexual contact with the child or causes the child to engage in sexual contact." TEX. PENAL CODE ANN. § 21.11(a)(1). For purposes of this statute, "sexual contact" is defined as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" if committed "with the intent to arouse or gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.11(c)(1) (West 2011).

> Here, the application paragraph of the court's charge stated,
>
> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of December, 2008, in Hunt County, Texas, the defendant, MATTHEW RYAN JERRY VANOVER, did then and there with intent to arouse or gratify the sexual desire of MATTHEW RYAN JERRY VANOVER, intentionally or knowingly engage in sexual contact with CHLOE CHERRY (pseudonym) by touching the genitals or breast(s) of CHLOE CHERRY (pseudonym), a child younger than 17 years of age, then you will find the defendant "Guilty" as charged in **Count Two**.

The application paragraph here listed the culpable mental states of intentionally and knowingly with the specific intent necessary to complete the crime. Vanover, therefore, contends that the jury could have convicted him for intentionally or knowingly engaging in sexual contact with

4

Chloe, when the proper mental state for the offense is the specific intent "to arouse or gratify the sexual desire of any person." *See* TEX. PENAL CODE ANN. § 21.11(c)(1); *see also Rodriguez v. State*, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref'd). The charge also included full statutory definitions of "intentionally" and "knowingly."

A jury charge which injects the terms intentionally and knowingly into the specific intent offense of indecency with a child is error. *Bazanes v. State*, 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (finding harmless error); *Rodriguez*, 24 S.W.3d at 502; *see Jones v. State*, 229 S.W.3d 489, 492 (Tex. App.—Texarkana 2007, no pet.). The State concedes error in the charge, but contends any resulting harm was not egregious.

We next review the record to determine whether the charge error harmed Vanover. *See Almanza*, 686 S.W.2d at 174. In conducting this analysis, we consider (1) the charge itself, (2) the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); *Jones*, 229 S.W.3d at 493.

Looking at the charge as a whole, the abstract portion includes the correct definition of the offense of indecency with a child by sexual contact, including the specific intent to arouse or gratify. This portion of the charge thus informed the jury what the State was required to prove. *See Bazanes*, 310 S.W.3d at 37.

Although the charge defined intentionally and knowingly and included those terms in the application portion of the charge, those terms were not included in the abstract portion of the

5

charge defining the offense of indecency with a child by sexual contact. Further, under the application paragraph, the jury was instructed to return a guilty verdict only if it found Vanover did, with "intent to arouse or gratify [his] sexual desire . . . intentionally or knowingly engage in sexual contact . . . ." Given this phrasing, there is little risk the jury might believe any one of these culpable mental states, standing alone, would permit conviction. In the context of the entire charge, which correctly instructed the jury that it must find Vanover acted with the specific intent to arouse or gratify his sexual desire, the erroneous application paragraph appears less harmful. *See Bazanes*, 310 S.W.3d at 37.

In reviewing the state of the evidence, we note that the issue of Vanover's intent was not a contested issue at trial. Instead, Vanover's defense focused on Chloe's credibility. Likewise, rather than focusing on the erroneous mental states in the jury charge, the State focused on the commission of the offense. As recognized in *Jones*,

> [T]he intent of [Appellant] in touching [the child victim,] while it was a part of the State's required proof, was not a contested issue and consequentially [he] could not be egregiously harmed by the definition of the intentional and knowing state of mind.

*Jones*, 229 S.W.3d at 494 (citing *Saldivar v. State*, 783 S.W.2d 265, 268 (Tex. App.—Corpus Christi 1989, no pet.) ("Where no defense is presented which would directly affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of 'intentionally' and 'knowingly.'")).

The jury argument likewise does not indicate egregious harm. The State's only comment on the issue of intent included the concept of gratification. The state asked, "Do you think there's any way possible that wasn't intentionally to gratify Mr. Vanover, the Defendant. No."

The only mention of intent was made in connection with the intent to gratify Vanover. No reference was made to an intentional or knowing touching during the State's jury argument.

Based on the foregoing analysis, we conclude that Vanover was not egregiously harmed by the jury instructions.

## III.     Sufficient Evidence of Specific Intent

Vanover next contends the evidence was insufficient to support the conviction. His sufficiency argument is not, however, that the evidence failed to show beyond a reasonable doubt that he touched Chloe in the manner described at trial. Instead, Vanover maintains that the evidence was insufficient to show the intent to arouse or gratify his sexual desire.

### A.     Standard of Review

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Smith v. State*, 401 S.W.3d 915, 920 (Tex. App.—Texarkana 2013, pet. ref'd).

7

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

**B.     Analysis**

Vanover argues that the evidence is insufficient to show that he had the statutorily required intent to "arouse or gratify . . . sexual desire." *See* TEX. PENAL CODE ANN. § 21.11 (West 2011). The specific intent required for the offense of indecency with a child—intent to arouse or gratify the sexual desire of any person—can be inferred from the defendant's conduct. *Bazanes*, 310 S.W.3d at 40 (citing *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981)); *see Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no pet.). "An oral expression of intent is not required . . . ." *Williams v. State*, 305 S.W.3d 886, 891 (Tex. App.—Texarkana 2010, no pet.) (citing *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd)); *see Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.— Waco 2006, pet. ref'd) (jury could infer intent to arouse or gratify sexual desire from defendant's act of touching child's genitals).

Chloe testified that Vanover rubbed her thighs, breasts, and buttocks as the pair watched television. This testimony regarding Vanover's conduct is sufficient evidence from which a jury—as the sole judge of the credibility of the witnesses and the weight to be given their

8

testimony—could reasonably infer that such conduct was undertaken to arouse or gratify Vanover's sexual desire. *See Bazanes*, 310 S.W.3d at 40. We, therefore, conclude that there was sufficient evidence to find the specific intent necessary to support Vanover's conviction of indecency with a child by sexual contact.

We overrule this point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: August 13, 2014
Date Decided: September 3, 2014

Do Not Publish

9