

**NUMBER 13-15-00232-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**PEDRO AVALOS GARCIA,**                                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                     **Appellee.**

---

**On appeal from the 24th District Court
of DeWitt County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Pedro Avalos Garcia challenges the sufficiency of the evidence supporting his conviction for indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West, Westlaw through 2015 R.S.). We affirm.

## I. BACKGROUND

In October of 2013, B.L.,[1] a minor, traveled to Houston with a group of female relatives to shop for dresses for her cousin's quinceañera. B.L. was twelve years old at the time. When they returned from the shopping trip, B.L. stayed with the same relatives at the house of her aunt and uncle. That night, B.L. went to sleep alone[2] but awoke when she felt appellant, her uncle, touch her vagina over her clothing. B. L. testified that she "kicked him, nudged him away and he spoke in Spanish and walked out [of] the room." B.L. further testified that she could see that the person who touched her was appellant by the illumination provided by a nightlight and because he was the only person in the house who spoke solely in Spanish.

The State charged appellant by indictment with one count of indecency with a child, a second-degree felony. *See id.* Following a bench trial, the trial court found appellant guilty and imposed a sentence of fifteen years' imprisonment in the Texas Department of Criminal Justice—Institutional Division, court costs, and no fine. This appeal followed.

## II. DISCUSSION

Appellant argues in his sole issue that the evidence is insufficient to show that he touched B.L. with the intent to arouse or gratify his sexual desire.

### A. Standard of Review and Applicable Law

When evaluating the legal sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a reasonable trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *Rabb v.*

---

[1] We refer to the child complainant by her initials in an effort to protect her privacy.

[2] B.L.'s younger cousin was asleep in another bed in the same room.

*State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the role of the factfinder to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). Circumstantial evidence is as probative as direct evidence for these purposes, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is not necessary that every fact introduced into evidence point "directly and independently" to the guilt of the defendant as long as the cumulative effect of all of the incriminating facts is sufficient to support the conviction. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Hooper*, 214 S.W.3d at 13).

We measure the sufficiency of the evidence by using a hypothetically correct jury charge. *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically correct charge is authorized by the indictment, accurately sets out the law, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Sanchez v. State*, 376 S.W.3d 767, 772 (Tex. Crim. App. 2012). As authorized by the indictment in this case, the State was required to prove beyond a reasonable doubt that appellant: (1) knowingly and intentionally; (2) engaged in sexual contact; (3) with a child; (4) younger than seventeen years of age; and (5) who was not the defendant's spouse. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). The statute defines "sexual contact" as "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child" with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1).

**B. Analysis**

Appellant does not contest B.L.'s testimony regarding the touching of her vagina but argues that the evidence is insufficient because her testimony, without more, "fails to establish any intent by [a]ppellant to arouse or gratify his sexual desire." The State responds that a reasonable factfinder could infer appellant's intent from the act itself and the surrounding circumstances. We agree with the State.

In a prosecution for indecency with a child, the factfinder may permissibly infer the defendant's specific intent to arouse or gratify his sexual desire from his conduct, remarks, and all the surrounding circumstances. *Tienda v. State*, No. 11-11-00283-CR, ___ S.W.3d ___, ___, 2015 WL 2375256, at *5 (Tex. App.—Eastland May 14, 2015, no pet.). The conduct itself is sufficient to support an inference of intent; the law does not require any oral expression by the defendant. *Id.*; *Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no pet.); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd). Further, the testimony of the child complainant is alone sufficient to establish the offense. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West, Westlaw through 2015 R.S.). B.L. testified that she woke in the middle of the night because appellant sat on her bed and touched her vagina over her clothes. B.L. further testified that appellant's touch was physically painful. B.L. kicked him, and appellant withdrew after muttering indistinctly in Spanish. A reasonable factfinder could infer from B.L's undisputed testimony that appellant intended to arouse or gratify his sexual desire by touching B.L.'s vagina. *See Tienda*, 2015 WL 2375256, at *5; *Moore*, 397 S.W.3d at 754; *Bazanes*, 310 S.W.3d at 40. The surrounding circumstances, including the time of day and lack of any non-sexual reason for appellant to touch B.L.'s genital area, also

4

support an inference that appellant intended to gratify or arouse his own sexual desire. *See Connell v. State*, 233 S.W.3d 460, 470 (Tex. App.—Fort Worth 2007, no pet.) (holding that the admission of the defendant, who was not a medical doctor, that he had touched the minor's scrotum to check for "knots" supported an inference that the defendant intended to arouse or gratify his own sexual desire). We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of November, 2015.