

## IN THE
## TENTH COURT OF APPEALS

### No. 10-14-00204-CR

**RONALD GENE GRIZZLE, JR.,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F48507**

## MEMORANDUM  OPINION

In eight issues, appellant, Ronald Gene Grizzle Jr., challenges his convictions for

one count of aggravated sexual assault of a child, two counts of indecency with a child

by contact, and two counts of indecency with a child by exposure.[1]  *See* TEX. PENAL

---

[1] For the count of aggravated sexual assault of a child, the jury imposed a sixty-year sentence. Appellant also received ten-year sentences for the two counts of indecency with a child by contact.  With respect to the two counts of indecency with a child by exposure, appellant received five-year sentences, which were probated for a period of ten years.  And in response to the State's written motion, the trial court cumulated the sentences imposed for the one count of aggravated sexual assault of a child and the two counts of indecency with a child by contact.

CODE ANN. § 21.11(a)(1), (a)(2)(A) (West 2011); *see also id.* § 22.021(a)(1)(B)(ii) (West Supp. 2014).  We affirm.

## I.  SUFFICIENCY OF THE EVIDENCE

In his first five issues, appellant argues that the evidence is insufficient to support his convictions for one count of aggravated sexual assault of a child, two counts of indecency with a child by contact, and two counts of indecency with a child by exposure.

### A.  Standard of Review

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.  "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).  And if the record supports conflicting inferences, we must presume that the factfinder resolved

the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

## B. Aggravated Sexual Assault of a Child

Under section 22.021(a)(1)(B)(ii) of the Penal Code, the State must prove beyond a reasonable doubt that appellant intentionally or knowingly caused the penetration of the mouth of a child by his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii). Here, the child victim, H.H., testified that she was fourteen years old at the time of trial and that she reported numerous instances of sexual misconduct perpetrated by

appellant when she was twelve years old. Later, H.H. recalled one evening where appellant agreed to pull her loose tooth. Specifically, H.H. stated the following:

> And I walked in the bathroom, and I was like, Ronnie, will you pull my tooth? And he said, ["]Yeah.["] And then he sat there like a minute and he said, ["]Let me go get the flashlight.["] So he went in the room and got the flashlight and came out. And he's like ["]let me turn out the light cuz [sic] I can see better,["] so he turned off the light. And he like gave me the flashlight so I was holding it, and then he like pulled down his pants and I kind of like—I wasn't sure what he was doing, so I starting moving the light around to figure it out, and then I saw that he had it to my mouth.

H.H. later clarified that, on this occasion, appellant had placed his penis in her mouth. H.H. testified that it did not appear to her that appellant had accidentally put his penis in her mouth; rather, "[h]e was trying to do it to me."

Appellant testified that he did not remember ever pulling H.H.'s tooth in the bathroom or anything "going wrong" with pulling H.H.'s teeth. However, appellant's testimony was undermined by Sheila Batson, who corroborated H.H.'s story about appellant going into the bathroom to pull H.H.'s tooth. Additionally, Batson noted that she found H.H. crying in her bedroom after the incident and that H.H. had called appellant "a jerk."

A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault of a child or indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet. ref'd); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd); *see also Cantu v. State*, 366 S.W.3d 771, 775 (Tex. App.—Amarillo 2012, no pet.).

> The courts will give wide latitude to testimony given by child victims of sexual abuse. The victim's description of what happened need not be

precise, and the child is not expected to communicate with the same level of sophistication as an adult. Corroboration of the victim's testimony by medical or physical evidence is not required.

*Cantu*, 366 S.W.3d at 776 (internal citations omitted).

To the extent that appellant's testimony differs from that of H.H., we note that a jury may believe all, some, or none of any witness's testimony. *See Chambers*, 805 S.W.2d at 461. And by finding appellant guilty, the jury obviously believed H.H.'s version of the incident. Therefore, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have concluded that appellant committed the offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(ii); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13.

## C.     Indecency With a Child by Contact

Appellant was also convicted of two counts of indecency with a child by contact, which occurs if a person engages in "sexual contact" with a child younger than seventeen years of age. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). The Penal Code's definition of "sexual contact" includes the touching of the anus, breast, or any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c). The specific intent to arouse or gratify the sexual desire of any person, as required by section 21.11(c), can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Moore v. State*, 397 S.W.3d 751, 754 (Tex. App.—San Antonio 2013, no pet.). Further, a "'complainant's testimony alone is sufficient to support a

conviction for indecency with a child.'" *Moore*, 397 S.W.3d at 754 (quoting *Connell v. State*, 233 S.W.3d 460, 466 (Tex. App.—Fort Worth 2007, no pet.)).

On appeal, appellant specifically challenges the sufficiency of the evidence regarding his intent to arouse or satisfy his sexual desire when he touched H.H.'s breast. Appellant also complains that H.H. only described one specific instance of touching.

At trial, H.H. testified that appellant "would come in there and at night and watch me sleep, or he would touch my breast at night." Later, H.H. stated that she knew appellant was touching her breast "[b]ecause I—one day I was laying [sic] down and I woke up to him put [sic] his hand on my shoulder. And I moved like that and he jerked it back. And then I waited a little while and he put it back on my—he put it on my breast." H.H. recounted that appellant touched her breast often and that she had "gotten used to it where he would do it every night and so I kind of expected it." H.H. also testified that some days appellant would touch her breast over her clothes, and other days he would touch her breast underneath her clothes. Additionally, H.H. recounted other incidents of sexual misconduct perpetrated by appellant and noted that she did not believe that appellant's touching of her breast was an accident. She also recalled that appellant told her that he had "prayed to God about it" and that God had said that it was okay for him to have sex with H.H.

Based on appellant's conduct, remarks, and the surrounding circumstances, we conclude that a rational factfinder could have concluded that appellant touched H.H.'s breast on more than one occasion and that he had the specific intent to arouse or gratify

his own sexual desire each time he touched H.H.'s breast. *See McKenzie*, 617 S.W.2d at 216; *see also Moore*, 397 S.W.3d at 754. Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have concluded that appellant committed the offense of indecency with a child by contact on two occasions. *See* TEX. PENAL CODE ANN. § 21.11(a)(1); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13.

**D.      Indecency With a Child by Exposure**

To support a conviction for indecency with a child by exposure, the State was required to prove beyond a reasonable doubt that: (1) the child was within the protected age group and not married to the accused; (2) the child was present; (3) the accused had the intent to arouse or gratify someone's sexual desire; (4) the adult knew that a child was present; and (5) the accused exposed his anus or genitals. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A). The record reflects that H.H. testified regarding two specific instances of appellant exposing his genitals to her. The first instance transpired when she was working with appellant in appellant's chicken coop. H.H. testified that appellant instructed her to sit in a chair and that he turned off the lights. According to H.H., appellant then walked closer to her and pulled down his pants. H.H. could see that appellant had also pulled down his underwear. H.H. was shocked and afraid. H.H. believed that appellant's exposure of his genitals was not an unrelated event but, instead, was intended for her. H.H. told T.H. about the incident shortly after it happened, and T.H. echoed H.H.'s testimony about the chicken-coop incident.

In addition, H.H. testified about a second incident that transpired while she was sleeping in a recliner. Specifically, H.H. recalled waking up to find appellant standing behind the recliner with his boxers pulled down and his bare penis near her mouth. Appellant explained that he was fixing a nearby curtain, but H.H. testified that she believed that appellant was intentionally exposing his penis to her. The record also contains testimony from H.H. regarding other instances where appellant would take off his clothing or towel to expose his bare penis to her.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could conclude that appellant exposed his genitals to H.H., a child under seventeen years of age, on more than one occasion with the specific intent to arouse or gratify his sexual desire. *See id.*; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. As such, we hold that the evidence is sufficient to support appellant's convictions for indecency with a child by exposure. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. Because we have concluded that appellant's convictions are supported by sufficient evidence, we overrule appellant's first five issues on appeal.

## II. THE TRIAL COURT'S CUMULATION ORDER

In his sixth issue, appellant contends that the trial court erred in cumulating the imposed sentences in Counts 1, 2, and 3 because the cumulation order violated the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and because the jury, rather than the trial court, should determine whether the

sentences should be cumulated. In his seventh issue, appellant argues that the trial court committed reversible error during the punishment phase of trial by denying his request for special instructions in the jury charge regarding consecutive sentencing.

### A. *Apprendi v. New Jersey*

First, we address appellant's assertion that the trial court's cumulation order violated *Apprendi*. In *Apprendi*, the United States Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. The Court of Criminal Appeals has stated that *Apprendi* and its progeny clearly deal with the upper-end extension of individual sentences, when that extension is contingent upon findings of fact that were never submitted to the jury. *Barrow v. State*, 207 S.W.3d 377, 379 (Tex. Crim. App. 2006). These decisions do not, however, speak to a trial court's authority to cumulate sentences when that authority is provided by statute and is not based upon discrete fact-finding, but is wholly discretionary. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). Here, the trial court imposed a valid sentence within the statutorily-prescribed punishment range for each of appellant's convictions. *See Barrow*, 207 S.W.3d at 379. Accordingly, we cannot say that the trial court's cumulation order violated *Apprendi*. *See id.*

### B. Whether the Trial Court Had Authority to Cumulate Appellant's Sentences

Next, appellant argues that the jury, rather than the trial court, had the authority to determine whether his sentences should be cumulated. We disagree.

Texas trial courts have the discretion to order cumulative sentences in virtually every case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2014); *Millslagle v. State*, 150 S.W.3d 781, 784 (Tex. App.—Austin 2004, pet. dism'd untimely filed); *see also York v. State*, No. 10-11-00413-CR, 2012 Tex. App. LEXIS 4963, at *6 (Tex. App.—Waco June 20, 2012, pet. ref'd) (mem. op., not designated for publication). However, when multiple offenses arising out of the same criminal episode are consolidated for a single trial, and the defendant is found guilty of more than one offense, section 3.03(a) of the Texas Penal Code provides a limit on the trial court's discretion to cumulate the sentences. *See* TEX. PENAL CODE ANN. § 3.03(a) (West Supp. 2014); *Millslagle*, 150 S.W.3d at 784; *see also York*, 2012 Tex. App. LEXIS 4963, at **6-7. Section 3.03(b)(2)(A) creates an exception to this exception; that is, it exempts certain offenses, including indecency with a child and aggravated sexual assault of a child, from the application of section 3.03(a). *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A); *Millslagle*, 150 S.W.3d at 784; *see also York*, 2012 Tex. App. LEXIS 4963, at *7.

In the instant case, appellant was convicted of one count of aggravated sexual assault of a child, two counts of indecency with a child by contact, and two counts of indecency with a child by exposure. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (a)(2)(A), 22.021(a)(1)(B)(ii). Each of these offenses are included in the section 3.03(b)(2)(A) exceptions to the exception. *See id.* § 3.03(b)(2)(A). As such, we conclude that the trial court had the discretion to order cumulative sentences in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Millslagle*, 150 S.W.3d at 784; *see also York*, 2012 Tex. App. LEXIS 4963, at *6.

**C. The Jury Charge**

And finally, appellant argues that the trial court committed reversible error during the punishment phase of trial by denying his request for special instructions in the jury charge regarding consecutive sentencing. In support of this argument, appellant, once again, relies on *Apprendi*.

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Under Texas law, the trial court must provide the jury with "a written charge setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007); *see Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2008). However, this Court has noted that the "Penal Code and Code of Criminal Procedure assign to the trial judge the responsibility for determining whether to cumulate sentences or allow them to run concurrently, when there is an option." *Manzano v. State*, No. 10-04-00323-

CR, 2006 Tex. App. LEXIS 1285, at *13 (Tex. App.—Waco Feb. 15, 2006, pet. ref'd) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 42.08(a); TEX. PENAL CODE ANN. § 3.03(a)-(b)). "No factual determinations are required, so there is nothing for a jury to determine. We hold that due process does not require that the jury be given information about the trial court's ability to cumulate sentences or order them to run concurrently." *Id.*; *see Marrow v. State*, 169 S.W.3d 328, 330-31 (Tex. App.— Waco 2005, pet. ref'd); *see also Lacy v. State*, Nos. 14-05-00775-CR, 14-05-00776-Cr, 14-05-00777-CR, 14-05-00778-CR, 2006 Tex. App. LEXIS 8723, at *6 (Tex. App.—Houston [14th Dist.] Oct. 10, 2006, no pet.) (mem. op., not designated for publication) ("As such, contrary to appellant's assertion, the trial court's authority to cumulate the aggravated sexual assault sentences did not hinge on an implicit finding of fact that the offenses arose out of the same criminal episode. . . . [B]oth federal and state courts have consistently found no *Apprendi* violation where 'a trial court orders the cumulation of sentences which individually lie within the statutory range of punishment but for which the cumulative total exceeds the prescribed statutory maximum for any single offense.'" (quoting *Baylor v. State*, 195 S.W.3d 157, 160 (Tex. App.—San Antonio 2006, no pet.))).

Therefore, based on the foregoing and our review of the record, we cannot say that the trial court's denial of appellant's special instructions on cumulative sentencing amounted to a jury-charge error. *See Hutch*, 922 S.W.2d at 170. We overrule appellant's sixth and seventh issues.

### III.   APPELLANT'S MOTION FOR MISTRIAL

In his eighth issue, appellant asserts that the trial court erred during the guilt-innocence phase of trial when it denied his motion for mistrial regarding the prosecutor's direct examination of T.H.

### A.   Standard of Review

We review the denial of a motion for mistrial under an abuse-of-discretion standard. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). Under this standard, we uphold the trial court's ruling as long as the ruling is within the zone of reasonable disagreement. *Id.* "'A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.'" *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). It is appropriate only for "a narrow class of highly prejudicial and incurable errors." *Id.*; *see Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Therefore, a trial court properly exercises its discretion to declare a mistrial when, due to the error, "an impartial verdict cannot be reached" or a conviction would have to be reversed on appeal due to "an obvious procedural error." *Wood*, 18 S.W.3d at 648 ("A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character to suggest the impossibility of withdrawing the impression produced on the minds of the jurors."); *see Ladd*, 3 S.W.3d at 567.

**B.      Discussion**

During its case-in-chief, the State called T.H., H.H.'s brother, as a witness.  On re-direct examination, the State asked T.H. whether he believed his sister's allegations against appellant.  T.H. responded, "Yes, sir, I do."  At this point, appellant objected that the question invaded the province of the jury regarding the credibility of H.H.'s allegations.  The trial court sustained appellant's objection and, upon request, instructed the jury to disregard the question and not consider T.H.'s answer for any purpose in the case.  Thereafter, appellant moved for a mistrial, which was denied by the trial court.

On appeal, appellant argues that the aforementioned question and answer amounted to improper bolstering of the State's case and the testimony of H.H, which, in turn, deprived him of a fair trial.  We disagree.

"A timely and specific objection is required to preserve error for appeal."  *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008); *see* TEX. R. APP. P. 33.1(a)(1)(A).  "An objection is timely if it is made as soon as the ground for the objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred."  *Grant v. State*, 345 S.W.3d 509, 512 (Tex. App.—Waco 2011, pet. ref'd) (citing *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008)).  "If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived."  *Id.* (citing *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (en banc)).  There are, however, the following two exceptions to the proposition of law that a party must object each time he thinks inadmissible evidence is being offered:  (1) when the party

has secured a running objection on the issue he deems objectionable; or (2) when the defense counsel lodges a valid objection to all the testimony he deems objectionable on a given subject outside of the presence of the jury. *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991). Furthermore, "'[a]n error [if any] in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (quoting *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection.").

At trial, both Sheila and Brooke Batson were asked whether they believed the child victim's testimony or, in other words, the same question that was asked of T.H. Both witnesses testified that they believed the child victim's testimony, and the record does not reflect that appellant objected to these questions at the time they were asked or obtained a running objection. Accordingly, because the same testimony was elicited from two other witnesses without an objection, we conclude that the error, if any, pertaining to T.H.'s testimony was cured. *See Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509; *Grant*, 345 S.W.3d at 512.

Furthermore, we note that "[a] mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial should be granted only when less drastic alternatives fail to cure the prejudice. *Id.* at 884-85. In the instant case, the trial court instructed the jury to disregard the State's question and T.H.'s answer.

We presume that the jury obeyed the instruction and that the instruction was effective. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011) ("The law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury."). Moreover, appellant has not adequately explained how the question and answer was so clearly prejudicial to the defendant and is of such character to suggest the impossibility of withdrawing the impression produced on the minds of the jurors, especially in light of the overwhelming record evidence indicating guilt. *See Wood*, 18 S.W.3d at 648; *see also Ladd*, 3 S.W.3d at 567. As such, we cannot say that the trial court abused its discretion in denying appellant's motion for mistrial. *See Archie*, 221 S.W.3d at 699-700. We overrule appellant's eighth issue.

## IV. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgments of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed January 15, 2015
Do not publish
[CRPM]



Page 16